# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

CASE NO. 11-20587-CR-SCOLA

UNITED STATES OF AMERICA,

v.

GARY KUSHNER et al.,

    Defendants.
_____/

## ORDER ON MOTION TO SEVER DEFENDANT

THIS MATTER is before the Court on the Motion to Sever [ECF No. 325], filed by Defendant Gary Kushner. Upon careful consideration of the Defendant's arguments, this Motion is denied.

Defendant Kushner argues that he is entitled to severance because he was a minor participant in the alleged fraudulent scheme and will suffer spill-over prejudice at trial from evidence pertaining only to his co-Defendants. He acknowledges that "a defendant does not necessarily suffer cognizable prejudice simply because much of the evidence at trial will pertain to co-defendants, and that the general rule is that defendants charged together should be tried together, especially in conspiracy cases." Mot. at 6 (citations omitted). But Defendant Kushner contends that "the general 'tried-together' rule is stretched to the breaking point when, as here, two major conspiracies ***not involving KUSHNER*** make up the bulk of the Indictment." *Id.* In such a case, he argues, the charges are too different between the defendants and the spector of guilt by association becomes too great. Further, Defendant Kushner argues that the jury will be confused and unable to make an individualized determination of his guilt or innocence, if a joint trial is held.

This Court disagrees. There is a preference for joint trials so as to promote efficiency and ensure consistency in verdicts among defendants who engaged in related acts stemming from the same overall master scheme. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Defendant Kushner has been properly joined pursuant to Federal Rule of Criminal Procedure 8. The substantive acts and conspiracies charged in the Indictment stem from a master scheme and

conspiracy to commit healthcare fraud, to launder money, and to pay and receive kickbacks. Although Defendant Kushner is not charged in the kickback or money laundering conspiracy counts, he is nonetheless properly joined as a member of the healthcare fraud conspiracy (Count 1), and as having committed the substantive act of healthcare fraud (Counts 2 and 12). These charges relate to, and originate from, the same overall master scheme to defraud set forth in the Indictment.

In concluding that Defendant Kushner has been properly joined – his alleged "minor" role notwithstanding – the Court finds instructive the Eleventh Circuit's recent decision in *United States v. Hill*, 643 F.3d 807, 828 (11th Cir. 2011). In that case, the Court of Appeals held that a non-lead defendant was properly joined, even though two out of the three conspiracies charged did not implicate him and differed as to time, participants, and factual particulars. The Eleventh Circuit explained that the three conspiracies were properly joined because they all related to the lead defendant's "master scheme to defraud lenders through a common plan and design," and "[t]he fact that [the lead defendant] used a different set of actors to perform the three acts of his play did not transform it into three different plays." *See id.* at 829.

As to the issue of potential prejudice, Defendant Kushner offers no explanation or support for his bald assertion that the jury will be unable to make an individualized determination as to his guilt or innocence. This will not suffice. The burden is upon the defendant to show specific and compelling prejudice to his defense, in order to tip the scales in favor of severance. *See United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997). He has not done so here.

In any case, "severance is not automatically required even if prejudice is shown." *Puiatti v. McNeil*, 626 F.3d 1283, 1310 (11th Cir. 2010); *see also Zafiro*, 506 U.S. at 539–40. The Court must balance potential prejudice against the public interest in joint trials and judicial economy. *See Hill*, 643 F.3d at 828. Moreover, "[a] court's limiting instruction to the jury will often cure any prejudice resulting from a joint trial," and "a district court should grant severance 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *Puiatti*, 626 F.3d at 1310.

As the Eleventh Circuit has explained, the key consideration is whether the jury would be able to sift through the evidence and make an individualized determination as to each defendant. As such, the Court must consider:

> whether under all circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct. In sum, can the jury keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to him? If so, though the task be difficult, severance should not be granted.

*United States v. Varella*, 692 F.2d 1352, 1360 (11th Cir. 1982).

Applying this test, the Court finds that Defendant Kushner has failed to establish specific and compelling prejudice justifying severance instead of a joint trial. Defendant Kushner attempts to minimize his alleged involvement with the conspiracy and substantive offenses. But such arguments are for a jury to evaluate in determining guilt or innocence; they do not establish that a joint trial would be prejudicial to a defendant, nor that any jury would be incapable of sorting through the evidence applicable to him vis-à-vis the other co-defendants. *See Hill*, 643 F.3d at 829 ("[E]ven if, as [defendant] asserts, there had been an 'enormous disparity' in the amount of evidence that related to other defendants or charges compared with the evidence that related to him, '[a] defendant does not suffer compelling prejudice, sufficient to mandate a severance, simply because much of the evidence at trial is applicable only to co-defendants.'").

Finally, the Court disagrees that the risk of spill-over is too great. In the first place, Defendant Kushner is charged as a co-conspirator in the main conspiracy count, involving healthcare fraud; thus, in the Government's case, much of the evidence relevant to other co-Defendants is likely to also be relevant to him. Further, to the extent that any evidence is not pertinent to this particular Defendant, an appropriate limiting instruction to the jury can ameliorate any potential prejudice. *See Puiatti*, 626 F.3d at 1310.

In sum, the Court finds that Defendant Kushner has not demonstrated that severance is appropriate here. Instead, the Court finds the public's interest in judicial economy and consistent verdicts compels a joint trial in this case. Accordingly, it is hereby **ORDERED and ADJUDGED** that Defendant Kushner's Motion to Sever [ECF No. 325] is **DENIED**.

**DONE and ORDERED** in Chambers at Miami, Florida on January 26, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Counsel of Record