# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 11-20587-CR-SCOLA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTHONY ROBERTS et al.,

    Defendants.
_____/

## **ORDER DENYING MOTION TO REDUCE BAIL**

THIS MATTER is before the Court upon the Defendant's Motion for Order Reducing Bail [ECF No. 517], filed by Defendant Anthony Roberts. This Motion is denied.

On February 10, 2012, this Court held a hearing on the Government's Motion to Modify Bond as to Defendant Roberts [ECF No. 457]. After considering argument from the parties, the Court granted the Motion because the Defendant's bond had been reduced from a $200,000 corporate surety bond to a $100,000 personal surety bond solely based upon the Defendant's agreement to cooperate with the Government. Because Defendant no longer agreed to cooperate with the Government, the Court found that his change of mind brought into question whether the bond in place was sufficient to ensure his appearance at trial. Upon concluding that it was not sufficient, the Court modified the existing $100,000 personal surety bond to the original $200,000 corporate surety with *Nebbia* condition, and the Defendant was remanded into custody.

Thereafter, Defendant filed a Motion for Bond Hearing [ECF No. 469] because the initial bond was imposed by stipulation and, therefore, Defendant had not yet been accorded a full bond hearing. The Court referred that Motion to the Magistrate Judge, who determined upon hearing that the bond should be set at $50,000 corporate surety with *Nebbia* condition.

By the instant Motion, the Defendant proffers that he is unable to post bond and that the amount of bail should be reduced to either $20,000 corporate surety or $30,000 ten percent, which his family would be able to pay to obtain his release ahead of trial. Mot. ¶ 4. The Court finds that Defendant has failed to show a valid reason to reduce his bond. Essentially, his

Motion is based solely upon his financial inability to meet the bond, which is not sufficient to obtain the relief he seeks. The Court is under no obligation to provide a bond the Defendant can afford, where the amount of bond is required to assure the Defendant's appearance at trial. *See United State v. Ramirez*, 2010 WL 2990351, at *2 (S.D. Fla. July 29, 2010) ("It is well settled in the Eleventh Circuit that a court may impose financial conditions of release on a defendant, even if a defendant is unable to meet such conditions, if the court finds that it is reasonably necessary to insure the defendant's presence."); *United States v. LeClercq*, 2007 WL 4365601, at *2 (S.D. Fla. Dec. 13, 2007) (where district court's determination that bond amount is necessary to reasonably assure defendant's attendance at trial, "the defendant's detention is 'not because he cannot raise the money, but because without the money, the risk of flight is too great'"); *see also United States v. Wong-Alverez*, 779 F.2d 583, 584-85 (11th Cir. 1985).

Moreover, this argument was made to, and rejected by the Magistrate Judge at Defendant's bond hearing on February 17, 2012. *See* Gov't Resp. at 3-5. Defendant presents no new evidence or changed circumstance that would justify a reduction in the amount or conditions of his bond. Nor does he cite any authority demonstrating that his bond should be lowered here.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that this Motion is **DENIED**.

**DONE AND ORDERED** in chambers at Miami, Florida on March 9, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Counsel of Record
U.S. Mag. Judge P. White