UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20587-CR-SCOLA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEREK ALEXANDER et al.,

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE OR AMEND LANGUAGE IN INDICTMENT

THIS MATTER is before the Court upon the Defense Motion to Strike or amend Language in Indictment [ECF No. 637], filed by Defendant Derek Alexander. Defendant takes issue with the Government's use of certain language in the Indictment, particularly the use of the term "kickbacks" to identify particular payments allegedly received by him. Defendant contends that use of this language is prejudicial and invades the fact-finding province of the jury. This Court disagrees.

In order for language to be stricken from an indictment, the defendant faces a heavy burden, one that the Eleventh Circuit has described as "most exacting." *See United States v. Awan*, 966 F.2d 1415, 1426 (11th Cir. 1992) (citation omitted). Indeed, "Rule 7(d) is strictly construed against striking surplusage," *see United States v. Northcutt*, 2008 WL 162753, at *6 (S.D. Fla. Jan. 16, 2008), and it should not be done "unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial," *see Awan*, 966 F.2d at 1426. Moreover, even where prejudice is shown, language in an indictment may not be stricken so long as it bears some relevance to the offense charged. *See United States v. Williams*, 2008 WL 4867748, at *3 (S.D. Fla. Nov. 10, 2008); *see also United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990) ("[I]f the evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, it may not be stricken.") (citation omitted).

Here, the Court concludes that Defendant has failed to meet the heavy burden of showing that the Indictment's references to "kickbacks" are completely irrelevant to the crimes charged and that they are unduly prejudicial to him. Defendant fails to explain, or even argue, that such language is irrelevant. The Court finds that the references are undoubtedly relevant to the overarching scheme at issue in this case, as well as to the particular offenses charged. Whether or not Defendant actually received "kickbacks" relates to, and concerns, conduct that will inevitably be subject to proof at trial. Therefore, the language of the Indictment may not be stricken here.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that this Motion is **DENIED**.

**DONE AND ORDERED** in chambers at Miami, Florida on June 26, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Counsel of Record