# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 11-20587-CR-SCOLA

UNITED STATES OF AMERICA

v.

JORGE MACLI, et al.,

    Defendants.

_____/

## ORDER ON DEFENDANT JORGE MACLI'S MOTION FOR MISTRIAL

    THIS MATTER is before the Court on the Motion for Mistrial, made *ore tenus* by Defendant Jorge Macli on August 7, 2012 during the testimony of Special Agent Jose Mejia. Special Agent Mejia took part in a post-arrest interview of Defendant Jorge Macli. Macli had initially agreed to speak to Mejia without an attorney and did make certain statements to Mejia. After being confronted with a piece of evidence, however, Macli invoked his right to counsel and the interview terminated. Prior to trial, the Government and Macli agreed that there would be no mention of Macli's invocation of counsel during the testimony of Mejia.

    During his testimony at trial, Mejia related that he read Macli the *Miranda* warnings, verbally and through a type-written form, and that Macli initialed and signed the form and agreed to speak to Mejia without his attorney present. After this testimony was elicited, the following exchange occurred between the prosecutor and Mejia:

    Q.    And at any point did Mr. Macli say he did not understand any of these rights as detailed on this form?

    A.    Not at all.

    Q.    And at any point did Mr. Macli say he wanted his lawyer to be present?

    A.    Not initially.

[Defendant's Counsel]: Objection. Move to strike. Ask for a sidebar.

THE COURT: All right. I'll sustain the objection and grant the motion to strike. Let me see the lawyers at sidebar.

    At the sidebar, the Defendant moved for a mistrial. The Court conducted an inquiry of the prosecutor to learn why he had phrased his question in the manner he did, knowing that

Macli had invoked his right to counsel. The prosecutor stated that he was not even aware that he had phrased the question so inartfully. The Court accepted as sincere the prosecutor's explanation and found that the reference was inadvertent. Though the Court had already sustained the Defendant's objection and granted his motion to strike the testimony, the Court offered to give an additional curative instruction to the jury and to poll the jury, which offer was declined by the Defendant.

Although the Court initially denied the motion for mistrial, the Court later indicated that it would reserve ruling until the close of all the evidence in order to properly evaluate the effect of the comment in light of the entire evidentiary presentation. No further reference was made to the comment for the remainder of the trial, including during closing arguments. Nor was the Defendant's invocation of right to counsel ever mentioned again.

Under these circumstances, the Court finds no cause to declare a mistrial. "The decision to grant a mistrial lies within the sound discretion of the trial judge since he is in the best position to evaluate the prejudicial effect of a statement or evidence on the jury." *United States v. Blakey*, 960 F.2d 996, 1000 (11th Cir. 1992). A mistrial is appropriate only where the Defendant's "substantial rights are prejudicially affected," – *i.e*, "there is a reasonable probability that, but for the remarks, the outcome of the trial would have been different." *United States v. Emmanuel*, 565 F.3d 1324, 1334 (11th Cir. 2009) (citation omitted). The harmless error standard applies to motions for mistrial. *See United States v. Suarez*, 162 F. App'x 897, 902 (11th Cir. 2006).

In a similar case involving a *Doyle*[1] violation, the Eleventh Circuit held that a mistrial was not warranted under the harmless error standard because the witness's comment was isolated, not repeated again during the case, insignificant in light of the other evidence, and subject to curative action by the district court. *See Suarez*, 162 F. App'x at 902-03. As the Eleventh Circuit explained:

> [We] have repeatedly held *Doyle* error harmless where, as here, the district court takes remedial measures and the comment was isolated, unsolicited, and eclipsed by other substantial evidence of the defendant's guilt. Here, [the agent's] comment was the only reference to [defendant's] post-*Miranda* silence; he did not mention it again when he was recalled to the stand. The prosecutor did not mention the subject at any point in the trial, and the court issued a curative instruction and polled the jury.

---

[1] In *Doyle v. Ohio*, 426 U.S. 610, 619 (1976), the Supreme Court held that "the use for impeachment purposes of [a defendant's] silence, at the time of arrest and after receiving *Miranda* warnings, violate[s] the Due Process Clause of the Fourteenth Amendment."

*Id.* (citations omitted). Although *Suarez* involved testimony pertaining to the defendant's right to remain silent, rather than his right to counsel, the analysis is the same. *See Hill v. Turpin*, 135 F.3d 1411, 1414 (11th Cir. 1998) ("although the improper references at issue in *Doyle* concerned only the defendants' post-*Miranda* silence, the prohibition extends equally to impeachment use of a defendant's post-*Miranda* invocation of the right to counsel"); *see also Wainwright v. Greenfield*, 474 U.S. 284, 295 n.13 (1986).

Here, the mention of the Defendant's invocation of his right to counsel may have been improper, but it was ultimately harmless. Where a witness's comment is brief, insolated, fleeting, and insignificant in view of the prosecution's case as a whole, the denial of a mistrial is proper. *See Emmanuel*, 565 F.3d at 1334-35; *see also United States v. Gonzalez*, 921 F.2d 1530, 1549-50 (11th Cir. 1991).

In this case, the agent's testimony does not merit a mistrial because: 1) the witness's reference to Defendant's invocation of right to counsel was isolated, fleeting, and brief; 2) the Court immediately sustained the Defendant's objection and granted the motion to strike the testimony; and 3) the Court offered to give a curative instruction to the jury and to poll the individual jurors, but the Defendant declined. *See Emmanuel*, 565 F.3d at 1335 (affirming denial of motion for mistrial where "the [witness's] comment [was] brief, unelicited, and unresponsive, adding nothing to the government's case," and the evidence against defendant was otherwise "substantial"; district court did not err in failing to *sua sponte* give curative instruction to the jury, where defendant did not request it; "the decision not to give a curative instruction was well within the district court's discretion," because "the [witness's] comment was 'but a brief reference during a relatively long trial,' and a curative instruction could have drawn 'unwarranted attention to the comment,' something that [defendant] wanted to avoid"); *see also Blakey*, 960 F.2d at 1000 (finding witness's comment harmless and noting that "[t]he judge offered to instruct the jury to disregard the statement, but the defense counsel refused").

The Court also notes that, outside of the agent's stray comment, the prosecution presented overwhelming evidence of Defendant's guilt. *See*; *United States v. Newsome*, 475 F.3d 1221, 1227 (11th Cir. 2007) ("when the record contains sufficient independent evidence of guilt, any error was harmless"); *United States v. Saget*, 991 F.2d 702, 708 (11th Cir. 1993) ("prejudicial testimony will not mandate a mistrial when there is other significant evidence of guilt which reduces the likelihood that the otherwise improper testimony had a substantial impact on the verdict of the jury") (citation omitted).

Accordingly, for the above reasons, and consistent with the discussions and rulings made in open court, it is hereby **ORDERED and ADJUDGED** that Defendant's Motion for Mistrial is **DENIED**.

**DONE AND ORDERED** in chambers at Miami, Florida on August 22, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Counsel of Record