UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20587-CR-SCOLA

UNITED STATES OF AMERICA

v.

ANTONIO MACLI, et al.,

    Defendants.
_____/

## OMNIBUS ORDER DENYING DEFENDANTS' POST-TRIAL MOTIONS FOR JUDGMENT OF ACQUITTAL AND NEW TRIAL

THIS MATTER is before the Court upon the following post-trial motions: Defendant Gary Kushner's Motion for Judgment of Acquittal, or, in the Alternative, for a New Trial [ECF No. 887]; Defendant Rafael Alalu's Renewed Motion for Judgment of Acquittal Under Federal Rule of Criminal Procedure 29(c) or in the Alternative for New Trial Under Rule 33 [ECF No. 889]; Defendant Derek Alexander's Motion for New Trial [ECF No. 894]; Defendant Anthony Roberts's Third Motion for Judgment of Acquittal Rule 29 After Guilty Verdicts by Jury as to Counts 15 and 29 of the Superseding Indictment [ECF No. 900]; Defendant Anthony Roberts's First Motion for New Trial Following Guilty Verdicts by Jury as to Counts 15 and 29 of the Superseding Indictment [ECF No. 901]; Defendant Jacqueline Moran's Motion for Judgment of Acquittal or in the Alternative Motion for New Trial [ECF No. 902]; and Defendants Jorge Macli, Antonio Macli, Sandra Huarte, and Biscayne Milieu Health Care, Inc.'s Joint Motion for Judgment of Acquittal, or, in the Alternative, for a New Trial [ECF No. 907]. For the reasons set forth below, these Motions are all denied.[1]

### Legal Standards

Federal Rule of Criminal Procedure 29(c), which governs motions for judgment of acquittal, "tests the sufficiency of the evidence against a defendant, and avoids the risk that a jury may capriciously find him guilty though there is no legally sufficient evidence of guilt." *United States v. Collantes*, 2011 WL 2784266, at *4 (S.D. Fla. July 13, 2011) (Altonaga, J.) (citation omitted). Under Rule 29(c), "a district court should apply the same standard used in reviewing the sufficiency of the evidence to sustain a conviction." *United States v. Ward*, 197 F.3d 1076,

---

[1] Also before the Court is Defendant Jacqueline Moran's Motion to Adopt Co-Defendant Kushner, Alalu, and Roberts' Motions for New Trial [ECF No. 903]. The Court grants the Motion to Adopt.

1079 (11th Cir. 1999). "Any conflicts in the evidence are resolved in favor of the Government, and all inferences that tend to support the Government's case must be accepted." *Collantes*, 2011 WL 2784266, at *4. The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion but guilt. *United States v. Garcia*, 447 F.3d 1327, 1334 (11th Cir. 2006). In short, the Court must determine whether, based on the evidence, a reasonable jury could find the defendant guilty beyond a reasonable doubt. *Ward*, 197 F.3d at 1079. That is to say, when "viewing the evidence in the light most favorable to the prosecution, would any rational trier of fact [find] all the essential elements of the crime beyond a reasonable doubt"? *See United States v. Lopez*, 403 F. App'x 362, 370-71 (11th Cir. 2010).

Under Federal Rule of Criminal Procedure 33, which governs motions for new trial, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision to grant or deny a criminal defendant's motion for new trial rests with the district court's sound discretion. *See United States v. Rafferty*, 296 F. App'x 788, 796 (11th Cir. 2008). The trial court is not free, however, "to reweigh the evidence or set aside the verdict simply because it feels some other result would be more reasonable." *See Butcher v. United States*, 368 F.3d 1290, 1297 (11th Cir. 2004) (citation omitted). "The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *See id.* (citation omitted). This ensures that the district court's judgment is not substituted for that of the jury. *See id.*

## Discussion

Upon careful consideration of the Defendants' arguments, the Government's response, the evidence presented at trial, the course of proceedings, and the challenged rulings, the Court finds that none of the Defendants are entitled to a judgment of acquittal or new trial.

First, the Court rejects Defendants' challenges to the sufficiency of the evidence. There was overwhelming evidence at trial of each Defendant's guilt with respect to the crimes charged, as outlined in detail by the Government in its response [ECF No. 1014] to Defendants' motions.

Second, there is no merit in Defendant Jorge Macli's renewed request for mistrial based upon the testimony of Agent Mejia. As the Court previously ruled [ECF No. 822], that witness's mention of the Defendant's invocation of right to counsel may have been improper, but it was ultimately harmless. Where, as here, the witness's comment is brief, insolated, fleeting, and insignificant in view of the Government's case as a whole, the denial of a mistrial is proper. *See United States v. Emmanuel*, 565 F.3d 1324, 1334-35 (11th Cir. 2009); *see also United States v. Gonzalez*, 921 F.2d 1530, 1549-50 (11th Cir. 1991). This is especially true where, as here, the

Government presented overwhelming evidence of Defendant's guilt. *See United States v. Newsome*, 475 F.3d 1221, 1227 (11th Cir. 2007) ("when the record contains sufficient independent evidence of guilt, any error was harmless"); *United States v. Saget*, 991 F.2d 702, 708 (11th Cir. 1993) ("prejudicial testimony will not mandate a mistrial when there is other significant evidence of guilt which reduces the likelihood that the otherwise improper testimony had a substantial impact on the verdict of the jury") (citation omitted). Moreover, the Court immediately sustained the Defendant's objection, granted a motion to strike the testimony, and offered to give a curative instruction to the jury and to poll the individual jurors, which offer the Defendant refused. Under such circumstances, a mistrial is not warranted. *See Emmanuel*, 565 F.3d at 1335; *see also United States v. Blakey*, 960 F.2d 996, 1000 (11th Cir. 1992) (finding witness's comment harmless and noting that "[t]he judge offered to instruct the jury to disregard the statement, but the defense counsel refused").

Third, the Court finds no merit in the request for mistrial based upon the inappropriate remarks by Defendant Alexander's counsel as to the sexual orientation of a Government witness. At the time the remarks were made, the Court granted a motion to strike and strongly admonished counsel outside the presence of the jury as to the improper and offensive nature of the comments. During a break, the Court received a note from a juror indicating that he took offense to the remarks and wanted a copy of the transcript in order to report counsel to a gay anti-defamation organization. As a consequence, the Court inquired of this juror, outside the presence of the other jurors, to ensure that he could disregard the remarks and render a fair verdict based solely upon the evidence as to each Defendant. He indicated that he could. The Court also polled each of the other jurors individually and separately to ensure that each one could disregard the remarks, follow the Court's instructions, and base a verdict solely upon the evidence at trial. The jurors all individually indicated that they understood and would follow the Court's instructions. "It is an accepted maxim that juries are presumed to follow the instructions of the Court." *See United States v. Kabbaby*, 672 F.2d 857, 863 (11th Cir. 1982) (citation omitted). Thus, given the Court's instructions and its polling of the jury, counsel's remarks do not warrant a mistrial. This is especially true in view of the jury's discerning verdict, which acquitted five of the eight Defendants on at least one count, and the overwhelming evidence of guilt as to the counts upon which the Defendants were convicted. *See United States v. Allen*, 182 F. App'x 903, 916-17 (11th Cir. 2006); *United States v. Delgado*, 56 F.3d 1357, 1369 (11th Cir. 1995).

Fourth, the Court rejects Defendants' requests for mistrial based upon the Government's remarks during closing argument. As to the Government's statements concerning the death of R.A., the Defendants did not contemporaneously object; therefore, the matter is reviewed only for plain error. "The plain error test is difficult to meet," and it requires a showing that the defendant's substantial rights were affected. *See United States v. King*, 73 F.3d 1564, 1572 (11th Cir. 1996). "The standard for showing [plain error] is the familiar reasonable probability of a different result formulation, which means a probability 'sufficient to undermine confidence in the outcome.'" *See United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005) (citation omitted). To meet this standard, "the error 'must have affected the outcome of the district court proceedings.'" *See id.* (citation omitted). Defendants have not carried their burden here to show that the outcome of the case would have been different but for the Government's closing remarks about R.A.'s death.

As to the portion of closing argument wherein the Government arguably suggested defense counsel knew of their clients' guilt, the Court sustained the Defendants' contemporaneous objections and granted a motion to strike. Following sidebar, the Court also gave, at defense counsel's behest, a curative instruction. Under these circumstances, a mistrial is plainly unwarranted. *See United States v. Snyder*, 291 F.3d 1291, 1294 (11th Cir. 2002); *United States v. Thomas*, 62 F.3d 1332, 1343 (11th Cir. 1995); *United States v. Demarest*, 570 F.3d 1232, 1242-43 (11th Cir. 2009).

The Defendants remaining arguments all lack merit.[2] None are properly developed or supported, and none warrant either a mistrial or new trial. As to many of them, the Court has in fact already issued detailed rulings thoroughly disposing of Defendants' contentions in prior orders. As such, these remaining arguments do not merit additional discussion here. They are all summarily rejected.

Accordingly, for the reasons set forth herein (and, where applicable, in the Court's prior orders and rulings), it is hereby **ORDERED and ADJUDGED** as follows:

1. Defendant Jacqueline Moran's Motion to Adopt Co-Defendant Kushner, Alalu, and Roberts' Motions for New Trial [ECF No. 903] is **GRANTED**.

---

[2] Among other things, these remaining arguments fault the Court's evidentiary rulings; its decisions during the jury selection process; and its pre-trial orders denying Defendants' motions to suppress, motions for bill of particulars, motions for severance, and motions to dismiss.

2. Defendant Gary Kushner's Motion for Judgment of Acquittal, or, in the Alternative, for a New Trial [ECF No. 887] is **DENIED**;

3. Defendant Rafael Alalu's Renewed Motion for Judgment of Acquittal Under Federal Rule of Criminal Procedure 29(c) or in the Alternative for New Trial Under Rule 33 [ECF No. 889] is **DENIED**;

4. Defendant Derek Alexander's Motion for New Trial [ECF No. 894] is **DENIED**;

5. Defendant Anthony Roberts's Third Motion for Judgment of Acquittal Rule 29 After Guilty Verdicts by Jury as to Counts 15 and 29 of the Superseding Indictment [ECF No. 900] is **DENIED**;

6. Defendant Anthony Roberts's First Motion for New Trial Following Guilty Verdicts by Jury as to Counts 15 and 29 of the Superseding Indictment [ECF No. 901] is **DENIED**;

7. Defendant Jacqueline Moran's Motion for Judgment of Acquittal or in the Alternative Motion for New Trial [ECF No. 902] is **DENIED**; and

8. Defendants Jorge Macli, Antonio Macli, Sandra Huarte, and Biscayne Milieu Health Care, Inc.'s Joint Motion for Judgment of Acquittal, or, in the Alternative, for a New Trial [ECF No. 907] is **DENIED**.

**DONE AND ORDERED** in chambers at Miami, Florida on October 23, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Counsel of Record